IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN BUSTAMANTE,

    Plaintiff,

  v.

SUPERIOR COURT OF CALIFORNIA, et al.

    Defendants.

No. C 11-3492 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff John Bustamante has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis. Venue is proper in this district as the acts complained of occurred in Santa Clara County. 28 U.S.C. § 1391(b).

## BACKGROUND

According to the allegations in the complaint, Plaintiff was subjected to improper force as a pretrial detainee. Plaintiff alleges that on April 27, 2010, he was at the Santa Clara County Superior Court attending a preliminary hearing and after that hearing he was remanded into custody by the judge. (Compl. at 3.) Plaintiff (as well as his attorney) informed the sheriff's deputy who was present that he had a separated clavicle and acromioclavicular (AC) joint injury and, therefore, he was not flexible enough to be handcuffed behind his back. (Id.) The deputy "insisted and forced [Plaintiff's] arms [to be] handcuffed from behind." (Id.) As a result, Plaintiff suffered "a spinal injury and paralysis." (Id.)

Plaintiff seeks monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are

frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**II.     Excessive Force to Pretrial Detainees**

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)); cf. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth Amendment reasonableness standard applies to allegations of use of excessive force against pre-arraignment detainee). Resolving such a substantive due process claim requires courts to balance several factors focusing on the reasonableness of the officers' actions given the circumstances. White v. Roper, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors include (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. Id. In order to prevail on an excessive force claim, a pretrial detainee must show the use of force was excessive because it was not reasonably necessary to maintain or restore order and/or discipline. See Hydrick v. Hunter, 500 F.3d 978, 997-98 (9th Cir. 2007) (excessive force claim brought by civilly confined plaintiff), rev'd on other grounds, 129 S. Ct. 2431 (2009).

Eighth Amendment jurisprudence may provide helpful guidance as to the standards to be applied to excessive force claims by pretrial detainees (and civilly confined plaintiffs) because the Eighth Amendment's malicious and sadistic standard set out in Hudson v. McMillian, 503 U.S. 1 (1992), and discussed above, provides a floor for the level of protection that pretrial detainees (and civilly confined plaintiffs) must receive under the Fourteenth Amendment. See Hydrick, 500 F.3d at

998; see also Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (pretrial detainee alleging due process violation when attacked by other inmates must show deliberate indifference to personal security as would a prisoner bringing such claim under Eighth Amendment) (en banc). Other circuits have simply held that the Hudson analysis also applies to excessive force claims brought by pretrial detainees under the Fourteenth Amendment. See United States v. Walsh, 194 F.3d 37, 48 (2d Cir. 1999); Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997).

According to the allegations in the complaint, an unnamed deputy forced Plaintiff's arms in handcuffs behind his back after being alerted about his shoulder injuries. Plaintiff claims that, as a result of being handcuffed, he suffered a spinal injury and paralysis. Liberally construed, Plaintiff's complaint states a cognizable Fourteenth Amendment excessive force claim.

In the section of the complaint form where he sets forth his allegations of his excessive force claim, Plaintiff identifies a "deputy sheriff (unknown name)" as the Defendant who was present and participated in the violation of his rights. A claim stated against a Doe Defendant without further identifying information is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Therefore, Plaintiff's excessive force claim cannot proceed unless he amends his complaint to cure this pleading deficiency.

Accordingly, Plaintiff's excessive force claim is DISMISSED with leave to amend.

### III. Remaining Defendants

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focused on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" violation of his protected

rights. Id. at 634.

**A.    Superior Court of California**

Plaintiff names the "Superior Court of California" as a Defendant, which is construed as a claim against the state superior court and its employees. However, such a claim is dismissed because it is well-established that the Eleventh Amendment bars suit against state superior court and its employees. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156,1161 (9th Cir. 2003); see also Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) (Eleventh Amendment bars suit against superior court of State of California regardless of relief sought). Accordingly, all claims against the "Superior Court of California" are DISMISSED.

**B.    Santa Clara County Sheriff's Department**

Plaintiff names the "Santa Clara County Sheriff's Department" as a Defendant. This Eleventh Amendment immunity also extends to suits against a state agency, see, e.g., Brown v. California Dept. Of Corr., No. 07-55409, slip op. at 785 (9th Cir. Jan. 22, 2009) (California Dept. of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity). However, local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. No. 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff does not allege that the excessive force was sanctioned by policies, procedures, or a custom of the Santa Clara County Sheriff's Department and, thus, Plaintiff does not state a

4

cognizable municipal liability claim. Therefore, the municipal liability claim against the Santa Clara County Sheriff's Department is dismissed with leave to amend to cure this pleading deficiency.

### C. State of California

Plaintiff names the "State of California" as a Defendant. It is well established that the Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 237-38 (1985). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Alabama v. Pugh, 438 U.S. 781 (1978)). Consent to suit by the state "is effective 'only where stated by the most express language.'" Yakama Nation v. Washington Dept. of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999) (quoting Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990)) (state's engaging in litigation and depositing proceeds from seizure into court's register is not an unequivocal waiver of immunity where state pled Eleventh Amendment defense in answer). Accordingly, all claims against the State of California are DISMISSED with prejudice.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint states a cognizable excessive force claim. However, Plaintiff has only named a "deputy sheriff (unknown name)" as the Defendant who was present and participated in the violation of his rights. Therefore, this claim is DISMISSED with leave to amend to cure this pleading deficiency.

2. All claims against the "Superior Court of California" are DISMISSED with prejudice.

3. The municipal liability claim against the Santa Clara County Sheriff's Department is DISMISSED with leave to amend for Plaintiff to allege facts which show that the alleged excessive force was sanctioned by policies, procedures, or a custom of the Santa Clara County Sheriff's Department.

4. All claims against the State of California are DISMISSED with prejudice.

5. Plaintiff's amended complaint shall be filed within **thirty (30) days** of the date of this

1  Order. The pleading must be simple and concise and must include the caption and civil case number
2  used in this Order -- Case No. C 11-3492 SBA (PR) -- and the words AMENDED COMPLAINT on
3  the first page. Failure to file a proper amended complaint within the designated time will result in
4  the dismissal of this action.

5  Plaintiff is advised that the amended complaint will supersede the original complaint and all
6  other pleadings. Claims and defendants not included in the amended complaint will not be
7  considered by the Court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

8  IT IS SO ORDERED.

9  DATED: 6/6/12

   _____
   SAUNDRA BROWN ARMSTRONG
10 United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\CR.11\Bustamante3492.DWLA.wpd  6

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA
4
5
6  JOHN BUSTAMATE,                                Case Number: CV11-03492 SBA
7              Plaintiff,                         **CERTIFICATE OF SERVICE**
8    v.
9  SUPERIOR COURT OF CA et al,
10             Defendant.
11
12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
13
14  That on June 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
15
16
17
18  John Bustamante
    102247 Pistachio Way
    Sacramento, CA 95827
19
    Dated: June 12, 2012
20                                                 Richard W. Wieking, Clerk
                                                   By: Lisa Clark, Deputy Clerk
21
22
23
24
25
26
27
28

G:\PRO-SE\SBA\CR.11\Bustamante3492.DWLA7.wpd